ATKINSON INDUSTRIES,
INC., Appellee,

v.

YACHT MY JAN, her engines, tackle, etc., in rem and Edward Germano and Janice Germano, in personam, Appellants.

ATKINSON INDUSTRIES,
INC., Appellant,

v.

YACHT MY JAN, her engines, tackle, etc., in rem and Edward Germano and Janice Germano, in personam, Appellees.

Nos. 80–1464, 80–1465.

United States Court of Appeals, Fourth Circuit.

Argued March 3, 1981.

Decided June 18, 1981.

---

R. Arthur Jett, Jr., Jett, Agelasto, Berkley, Furr & Price, Norfolk, Va., Shaw & Stedina, New York City, on brief, for appellants in No. 80–1464, and for appellees in No. 80–1465.

Robert O'Donnell, Vandeventer, Black, Meredith & Martin, Norfolk, Va., on brief, for appellee in No. 80–1464, and for appellant in No. 80–1465.

Before RUSSELL, WIDENER and HALL, Circuit Judges.

PER CURIAM:

Edward and Janice Germano authorized Atkinson Industries, Inc. to paint and repair their yacht MY JAN. When the work was near completion the Germanos were notified that full payment of the bill for repairs was expected before MY JAN left the boatyard. It was thereafter agreed that the Germanos would pay $20,000 in cash, and execute two promissory notes for $8,517 each, which they did and the boat was released to them. Shortly thereafter the engines began to malfunction. The yacht was returned to the boatyard, where it was discovered that diesel fuel had been put into MY JAN's fuel tanks, and as a consequence the engines would need extensive repairs. Repairs were made and the Germanos were billed an additional amount. Upon refusal of the Germanos to pay the two promissory notes and the additional amount claimed for repairs, Atkinson Industries, Inc. brought suit alleging an admiralty and maritime claim under Rule 9(h), Fed.R.Civ.P., to collect on the two notes and subsequent billings. The Germanos in their answer claimed that they had not authorized all of the work done on their yacht, that the execution of the two notes was under duress, and counterclaimed for damages for the alleged negligence of Atkinson in repairs of the engines of their yacht.

The district court found for Atkinson on the two promissory notes, and the counterclaim, and for the Germanos on the claim for the additional work.

After consideration of the record and briefs in this case, we would affirm the findings of liability of the Germanos as made by the district court as not clearly erroneous, but remand the question of the denial of interest for a statement of the reasons for such disallowance.

AFFIRMED IN PART and *REMANDED WITH INSTRUCTIONS.*